JOYNES, J.
These cases are motions by the Commonwealth upon the bond of John E. Lewis, sheriff of Greenbrier, and the material question involved in each is, whether Calwell is bound by the bond on which his name appears as one of the securities. Calwell filed a plea of non est fac-tum, upon which the Commonwealth took issue, and, a jury being dispensed with, the whole matter of law and fact was submitted to the court, which gave judgment for the Commonwealth.
The bond was taken by the County court on the 26th of June, 1854, and the record *390 states that Lewis appeared in court and “entered into and acknowledged a bond in-the penalty of sixty thousand dollars, with Samuel Tuckwiller” [and others named] “an’d Edmund S. Calwell, his securities, conditioned according to law,” &c. The bond purports, on its face, to be signed by Lewis and the securities enumerated, including Calwell. On the trial sundry exceptions were taken, and after the judgment had been rendered, the defendant moved the court to set it aside, and to give judgment for him.-.The court overruled this motion, and in the bill of exceptions certified *all the evidence in the cause, the whole of which- was in writing, with the exception of a ’ single fact agreed between the parties.
Sundry errors are assigned in the petition, the'first of which' is, that the court erred in rendering judgment for the Commonwealth upon the whole evidence. This presents the whole merits of the case, and a decision upon it will involve every material question raised in the other assignments of error.
The entry on the minutes of the County court does not state, in so many,words, that the securities acknowledged the.bond before the court, or that its execution by ’them was proved to the court, either of which would have been sufficient under the law. Code, ch. 13, <j 8. But reading the language of the entry, as we must, according to its plain and -natural sense, and without reference to'mere verbal criticism, it seems impossible to misunderstand its meaning. It would not have .been true, as stated in the entry, that Lewis entered into and acknowledged the bond; with certain persons as his securities, unless it appeared to the court, either by acknowledgment or proof, that the bond had been executed by the securities.
If nothing more had appeared, this record of the County court would have been conclusive to establish the due execution of the bond by all the parties whose names appear upon it, as we have just held in the cases of Vaughn v. Commonwealth. To rebut the effect of this record, however, and to show that he is not bound by the bond, the defendant offered the depositions of several witnesses. These were objected to as inadmissible, on the ground, mainly, that they tended to contradict the record; but the court allowed them to be read, subject to the objection. It may be conceded that these depositions, if admissible, and not outweighed by the record, *were sufficient to establish the following facts; 1. That the name of Edmund S. Cal-well signed, to the said bond is .not in his handwriting, but in that of John A. Haw-ver. 2. That Calwell was not at Lewisburg, where the court was held, on the day the bond was taken, but was at his residence, which was admitted to be ten miles distant. 3. That in a conversation at Calwell’s residence the night before the day on which the bond was taken, Calwell asked John A. Hawver who would become security for Lewis as sheriff; that .Hawver mentioned David Tuckwiller and others who would sign the bond, when Calwell said that if David Tuckwiller signed it, Hawver might sign it also for him. David Tuckwiller did not sign it.
Now, if it - should be conceded that all these facts are true (and they are all the material facts which the evidence can be said to prove), they do not impeach the verity of the record of the County court. Eor though Calwell’s name was signed by Hawver and not by himself, yet the signature was binding upon him, if made in his presence and by his request, and there is nothing in the case to show that such was not the fact. 2 Greenl. Evid. § 295; Gardner v. Gardner, 5 Cush. R. 483. Though Calwell was not present at court, the execution of the bond by him may have been proved to the court by a witness, which, as I have already said, would have been sufficient. And though Calwell, the night before, intended not to become security for Lewis, unless.David Tuckwiller should do so, and authorized Hawver to sign his name only in that event, non constat that he did not afterwards change his mind, and have his name affixed to the bond by Hawver in his presence. It may well be inferred that he did so, from the conversation proved by McPherson, in which Calwell said, after the execution of the bond, 'that he had become uneasy as one of Lewis’ securities, and from the steps which he took in 18SS to ^obtain relief, by requiring Lewis to give a new bond. In the absence of explanation, he must be understood to have admitted thereby that he was duly bound as one of Lewis’ securities. And I think the fair conclusion from the whole case is, that everything was done with Calwell’s full assent and in conformity with his real intention.
It does not distinctly appear whether the Circuit court regarded the evidence offered bj’- Calwell as admissible. As we have held in the cases of Vaughn v. Commonwealth, parol evidence in contradiction of the record, in such a case, is not admissible, unless it has a tendency to establish fraud. It may be that the fact that the name of Calwell was not signed by himself, afforded such ground of suspicion, as to make it proper to receive evidence of it, and of the other facts contained in the depositions. But it is not necessary to decide this question, because, upon the whole evidence, the judgment was right.
The other assignments of error require no particular notice.
I am of opinion to affirm the judgment in both cases.*
Judgment affirmed.

 Note by Judge Joynes.— Since this case was decided, I have learned that the same question, as to Calwell’s liability, arose in the case of Virginia Central Railroad Company v. Calwell & als., decided by this court at Lewisburg in August, 1859, and that the court held that he was liable. The opinion of the court was delivered by Judge Auden, all the other judges beingpresent and concurring. I have made an effort, without success, to obtain from Wheeling a copy of this opinion.